**VILA v. PAN AMERICAN AIRWAYS, Inc.**

Civ. Nos. 4449–4451.

District Court, Puerto Rico.

March 30, 1946.

On Reconsideration May 20, 1946.

Joseph F. McPherson, of Los Angeles, Cal., and E. H. F. Dottin, of San Juan, P. R., for plaintiff.

Hartzell, Kelley & Hartzell, of San Juan, P. R., for defendant.

COOPER, District Judge.

The questions now to be considered are:

(1) Motion of defendant to strike from the complaints in Civil No. 4450 and No. 4451 the first and the second causes of action;

(2) Motion of defendant to dismiss Civil No. 4449;

(3) Motion of plaintiffs to strike certain allegations from defendant's answer in cases Civil 4450 and 4451.

No answer has been filed in Case Civil No. 4449.

It is alleged in the several complaints that the brother, father and mother of plaintiffs were passengers on a Pan American Airways plane on the 8th of August 1944 and due to the negligence of the defendant, each perished by drowning. This

occurred in the waters of Nipe Bay which is in the Republic of Cuba.

The complaints in each of the three cases make three contentions: One apparently under the law of Puerto Rico, one alleged to be under the law of Cuba and one alleged to be under the Warsaw Convention.

■ The motion of defendant to strike the first and second causes of action in Civil No. 4450 and No. 4451. is based on the ground that plaintiffs having alleged as a third cause of action that the action arises under the Warsaw Convention, that it necessarily deprives plaintiffs of any provision of the law of either Puerto Rico or Cuba. I cannot accept this interpretation. A mere reading of the complaints in the several cases will, I think, satisfy any one that plaintiffs have set up the several causes of action in the alternative. This is permissible. The motion to strike, therefore, must be denied.

■ With respect to case Civil No. 4449, the motion to dismiss must also be denied. It appears from the record that the minor brother and the father and mother perished simultaneously. It is quite true that if the parents had been living at the time of the death of the minor brother the parents alone would be authorized to bring this action in Puerto Rico. Since the parents are dead the next of kin may maintain the action and in this case may sue for damages resulting from the death of the minor brother. The burden is on plaintiffs to show by a preponderance of evidence the liability of the defendant. This disposes of defendant's motions to strike and to dismiss.

■ Plaintiffs have filed a motion to strike from paragraph (3) of the answer two allegations. The first is to strike from paragraph (3) of the answer·to the third cause of action, the following: "and it further alleges that it had no legal duty to have any special facilities such as crashboats on hand." This is a mere conclusion of law and should not be set up in defendant's answer.

■ Second, to strike the following from defendant's answer:

"The defendant further alleges that, in any event, the use of defendant's rescue facilities immediately after the accident would have been of no avail due to the nature of the occurence, and in fact it was unnecessary because two Peruvian gunboats which were at the time in Nipe Bay speedily repaired to the scene of the accident and did all that could be done under the circumstances."

It requires no elaborate statement to show that this allegation does not constitute a defense. If defendant had alleged that the Peruvian gunboats were there not only on that date but were always there, they could probably rely upon that fact to defeat the allegation of negligence in its failure to provide suitable facilities, including crashboats.

It will be necessary, of course, for plaintiffs in each case to establish the material allegations by the greater weight of the testimony.

The motions to strike submitted by plaintiffs are granted. Defendant any answer Case 4449 within ten days.

On Petition for Reconsideration.

■■ The question for decision is the petition of the defendant for a reconsideration of the order entered in all three cases on March 30, 1946. It is hardly necessary to reiterate the provisions of the said order. Counsel for defendant have urged their contention with such earnestness that I have given to the questions involved a thorough scrutiny. In the petition for reconsideration as to Civil 4449 it is stated that the plaintiffs are not heirs of the deceased brother. I cannot concur in this position. I do not so construe the survivorship statute of Puerto Rico. Since the complaint in all three cases alleges that the plaintiffs Ada Rosa and Gloria Herminia Vila Caparros are the sole heirs at law of their brother and also of their parents, I must accept that as true, insofar as the questions now presented are concerned. As to cases Civil 4450 and Civil 4451 defendant's counsel urge a reconsideration of so much of the order of March 30th as granted plaintiffs' motion to strike. I have carefully examined both the complaint and answers and if it be assumed that defendant's contention as to the parts stricken from the answer is ·sound, I am unable to

see that any injury results from granting the motion. Defendant's answer in each of the two cases denies the allegation that it failed to have suitable and sufficient crashboats or other similar facilities at hand. This clearly puts in issue the charge on the part of plaintiffs that it was negligence on defendant's part to fail to have crashboats or other facilities available for such an emergency as is stated in the complaint. It further clearly appears from the answer that the defendant denies each and every allegation of negligence. If the motion to reconsider should be granted when the case goes to trial it will be incumbent on the plaintiffs to establish the material allegations of the complaint by a preponderance of testimony. Defendant will be permitted to offer any testimony in its behalf on the question of negligence. I think my conclusion as stated in the order of March 30th in reference to these several matters involved in the case is sound. I must, therefore, deny petition for a reconsideration.

Defendant may answer the complaint within ten days from notice of this order, as to Civil No. 4449.